UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

RORY B. HORN )
)
v. )
) No.: 1:12-cv-6
)
MICHAEL J. ASTRUE, *Commissioner* ) Mattice/Carter
*of the Social Security Administration* )
)
)

REPORT AND RECOMMENDATION

Rory B. Horn, *pro se*, has filed an application to proceed *in forma pauperis* [Doc. 1]. Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Johns v. Maxey*, 2008 WL 44442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the

1

defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff seeks social security disability benefits and "Widow's Death Benefits." In his complaint, plaintiff indicates he previously filed a claim for social security disability benefits in this Court and that "the Judge ordered the case to be remanded." [Doc. 2, Complaint at p. 2]. A review of this Court's records reveals that Mr. Horn filed a Social Security disability appeal, *Horn v. Commissioner of Social Security Administration,* Case No. 1:12-cv-253, in this Court on September 7, 2010 seeking review of the Commissioner's denial of disability insurance benefits under 42 U.S.C. §§ 416(i) and 423(d). Final judgment was entered and this action was remanded on September 6, 2011, to the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g) for further evaluation. According to plaintiff, he has not heard anything about his case since it was remanded to the Commissioner for further evaluation, and his condition continues to deteriorate.

Before this Court can exercise jurisdiction, plaintiff must exhaust his administrative remedies. *Weinberger v. Salfi,* 422 U.S. 749, 757 (1975). *See also McKenna v. Commissioner of Social Security*, 156 F.3d 1231 (6th Cir. July 31, 1998) ("Judicial review of Social Security claims is governed by 42 U.S.C. § 405. Section 405(g) provides, in part, that an individual seeking review of an adverse decision in a Social Security action may commence an action in federal court only after obtaining a final decision of the Secretary (now Commissioner). Exhaustion of administrative remedies is thus required before any federal district court review may take place") (internal parentheses original).

When plaintiff's social security disability case was remanded to the Commissioner under Sentence Four, that remand to the Commissioner constituted a final judgment of this Court, and this Court did not retain jurisdiction of his claim. *Marshall v. Commissioner of Social* Security, 444 F.3d 837, 841 (6th Cir. 2006). Therefore, before plaintiff can bring his claim again to this Court for judicial review, he must exhaust his administrative remedies before the Commissioner. Since it does not appear plaintiff has received a final decision from the Commissioner of Social Security following remand of this case to the Commissioner, the undersigned concludes he has not exhausted his administrative remedies. Accordingly, it is RECOMMENDED[1] plaintiff's current action be DISMISSED without prejudice for failure to exhaust administrative remedies and his application to proceed *in forma pauperis* be DENIED as moot.

S/*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).